SORRENTINO v. SWOPE.

No. 13277.

United States Court of Appeals, Ninth Circuit.

Sept. 5, 1952.

Emmett F. Hagerty, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS and BONE, Circuit Judges, and DRIVER, District Judge.

BONE, Circuit Judge.

Appellant is confined in the United States Penitentiary at Alcatraz, California, serving a ten-year sentence imposed by the United States District Court for the Northern District of California. He filed a petition in the sentencing court for a writ of habeas corpus and as grounds for relief contended that his ten year sentence under Count 2 was imposed in violation of the Constitution of the United States in that his conviction was secured by the application of an unconstitutional statutory presumption.[1]

The lower court denied appellant's petition, stating that the statutory presumption which appellant attacks is reasonable and constitutional. Although the court denied appellant's petition on the merits, it observed that under the circumstances the "proper remedy of appellant would appear to be a motion to vacate sentence under 28 U.S.C.A. § 2255 were it not for the decision of the Court of Appeals for this Circuit in Hayman v. United States, 1951, 187 F.2d 456 which seems to hold that a prisoner in federal custody cannot constitutionally be required to proceed under Section 2255 in any case."

The petition of Sorrentino makes plain why he did not rely upon or resort to the provisions of Section 2255. It argued that "the provisions of Section 2255 * * * are inadequate and ineffective by virtue of the rule of practice pronounced by the Court of Appeals of this Circuit; also, the patent unlawfulness of the commit-

1. Appellant was convicted on two counts of an indictment both counts charging violation of narcotic laws. He was sentenced to five years imprisonment on Count 1 and to ten years imprisonment on Count 2, the sentences to run concurrently. Sorrentino claims in his petition that he has completed the sentence imposed on Count 1. He seeks discharge on the ground that the ten year sentence under Count 2 was unlawful and unauthorized. See Sorrentino v. United States, 9 Cir., 163 F.2d 627.

ment, being void on its face, makes recourse to the writ of habeas corpus the sole and whole remedy available to your petitioner."

The contention just above noted is void of merit. After the lower court made its order denying the petition for the writ, the Supreme Court granted certiorari in the Hayman case and reversed this court, United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263. It upheld the constitutionality of Section 2255, describing the procedure prescribed therein as adequate and effective. Section 2255 reads, in part, as follows:

> "A prisoner in custody under sentence of a court * * * claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> *     *     *     *     *     *

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained if it appears that the applicant has failed to apply for relief, by motion,* to the court which sentenced him, or that such court has denied him relief, *unless it also appears* that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis ours.)

The language of Section 2255 expressly provides that in a case where the procedure established by that section is "inadequate or ineffective", the petitioner may *then* seek a writ of habeas corpus. The record does not indicate that a motion under Section 2255 would have been "inadequate or ineffective". The contentions of appellant fall far short of meeting that test.

Section 2255 expressly requires that the extraordinary remedy of habeas corpus be withheld pending resort to established procedures providing the same relief. The Supreme Court made plain in the Hayman case, supra, 342 U.S. at page 223, footnote 40, 72 S.Ct. at page 274, that even if Section 2255 had not so provided, the same result would have necessarily followed under previous Supreme Court decisions. See Stack v. Boyle, 1951, 342 U.S. 1, 6–7, 72 S.Ct. 1; Johnson v. Hoy, 1913, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497; Ex parte Royall, 1886, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868.

Section 2255, supra, sets forth in clear and unambiguous language the procedure which appellant was required to follow. He saw fit to disregard it and for reasons indicated in the later Hayman decision of the Supreme Court the lower court should have refused to entertain his habeas corpus petition. The order here appealed from is vacated, and the cause is remanded with directions to dismiss appellant's habeas corpus petition.