Homer **HYCHE** and Charlie Frank Lee, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 18152.

United States Court of Appeals Fifth Circuit.

May 31, 1960.

Rehearing Denied July 21, 1960.

George E. Trawick, Birmingham, Ala., for appellants.

W. L. Longshore, U. S. Atty., Birmingham, Ala., George A. Blinn and John P. Maxwell, Asst. U. S. Attys., Birmingham, Ala., for appellee.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

PER CURIAM.

The appellants were convicted of possessing and concealing untaxed liquor. 26 U.S.C.A. (I.R.C.1954) §§ 5008(b) (1), 7206(4). Sentences were imposed in open court on December 2, 1959.[1] Writ-

---

1. "The Court: Let the defendants Homer Hyche and Charlie Frank Lee come around.

"Mr. Hyche, you have been convicted by the jury here. Do you have any statement you wish to make before the sentence of the law is imposed upon you?

"Defendant Hyche: No sir.

"Mr. Trawick: [Attorney for appellants] Judge, just one moment. I would like to make an oral motion in arrest of judgment on conviction on counts nine and eleven, since they are repetitions of the convictions under counts eight and ten, and based on the same factual facts and circumstances.

"The Court: I overrule your motion.

"Mr. Trawick: All right. In mitigation, let me say this to the court. The defendant was acquitted on the conspira-

ten judgments were entered the same day but notices thereof were not sent to the appellants. Notices of appeal were filed on December 18, 1959. The Government has moved to dismiss the appeal because it was not taken within the time prescribed by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ The appellants urge that the sentences are not judgments of the court but merely an indication of what the sentences would be when imposed at a future time. The point is not well taken. The court's pronouncements could only be regarded as what they were intended to be; that is as sentences for the offenses for which the appellants had been convicted.

■ Appellants urge that no notice of the entry of the judgment and sentence was given pursuant to Rule 49(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and that the time for taking the appeal did not begin to run until they learned of the entry of a written judgment. There is no merit in the contention. The sentences having been imposed in open court in the presence of the appellants and their counsel, the time for taking the appeal commenced running when the sentences were imposed.

Huff v. United States, 5 Cir., 1951, 192 F.2d 911, certiorari denied 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703.

No appeal having been taken within the time fixed by the Rule, this Court is without jurisdiction and the appeal is

Dismissed.

cy, and having conferred with your Honor before, I know that the conspiracy count was given considerable weight by your Honor when it was a charge pending against him.

"Now that he has been acquitted of that, I think by the same analogy it should be taken in mitigation in his favor.

"The Court: I heard the evidence in the case. And based upon the verdict of the jury finding you guilty, Mr. Hyche, I am going to commit you to the custody of the attorney general for a period of fifteen months, to stand committed on January 7th, 1960 at 12:00 noon.

"I am also fining you two thousand dollars, for which you will stand committed.

"Do you have any statement you wish to make Charlie Frank Lee?

"Defendant Lee: No sir.

"The Court: Do you wish to make any statement in mitigation of punishment before the sentence of the law is imposed upon you?

"Defendant Lee: No sir.

"The Court: Based upon the finding of the jury finding you guilty, or upon the verdict of the jury finding you guilty the court commits you to the custody of the attorney general for a period of eighteen months.

"Are you asking for any stay on that?

"Mr. Trawick: Yes sir.

"The Court: You will stand committed on January 7th, 1960 at 12:00 noon.

"The bond of both defendants will be continued in the meantime.

"Mr. Trawick: On that fine for Hyche, will you let him stand committed on that at the same time the sentence starts? We are not prepared on that today, and I would like to have an opportunity to confer with my client as to what our final position might be.

"The Court: All right, stand committed for the fine on January 7th, 1960, at 12:00 noon.

"Mr. Trawick: Thank you, your Honor.