**Charles Miller MANSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17113.**

United States Court of Appeals
Ninth Circuit.

April 12, 1961.

Warner, Sutton & Warner, Caryl Warner and Barbara Warner, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, and Ernest A. Long, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY, JERTBERG and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

Appellant seeks to appeal from the District Court's judgment of June 23, 1960, which revoked his probation and committed him to the custody of the Attorney General to serve a ten year sentence previously imposed and suspended.[1]

The notice of appeal was not filed until July 22, 1960 and the appellee raises the question at the outset whether the appeal is timely.

Rule 37(a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A., requires that an appeal be taken "within ten days after entry of the judgment or order appealed from * * *."

Appellant argues that the ten day period never expired, and bases this con-

1. An appeal lies from a judgment revoking probation. Escoe v. Zerbst, 1935, 295 U.S. 490, 494, 55 S.Ct. 818, 79 L.Ed. 1566; Hensley v. United States, 5 Cir., 1958, 257 F.2d 681.

tention upon the following facts which are undisputed:

On June 23, 1960 the trial judge's decision revoking probation was pronounced in open court before the appellant and his attorney; the judgment was thereafter signed and filed. An unsigned copy of the judgment was immediately affixed to the Court's file of the action; however, the signed original remained in the desk of a deputy clerk apart from the file, awaiting microfilming, until July 16, 1960.

The sole recordation of the judgment in the clerk's office prior to July 16, 1960, aside from the unsigned copy on file, was the following entry made on the docket the day after judgment: "Fld. Judgmt. and Issd. Copies (Ent. 6/24/60)." No formal notice of entry of the judgment was ever mailed to the appellant or his attorney.

Appellant asserts that in order to be "entered" pursuant to Rule 37(a)(2) more is required than a mere docketing but rather the judgment must be "spread upon the records of the court." Although appellant has not explained what he means by "spreading" he apparently concedes that affixing the original document to the file or copying the judgment at length into a "judgment book" would satisfy this requirement.

■ We conclude that the judgment was "entered" within the purview of Rule 37(a) when the clerk made the notation in the docket that the judgment had been filed. See Richards v. United States, 1951, 89 U.S.App.D.C. 354, 192 F.2d 602. At that time, there was a copy of the judgment present in the case's file, and the notation in the docket was sufficient to lead anyone inquiring as to the judgment's contents to that file. The fact that the copy was not signed is of no consequence for the signed original was on hand in the clerk's office for anyone who might question the

authenticity of the judgment as shown in the file.[2]

Relying on Rule 49(c), Federal Rules of Criminal Procedure, the appellant urges that the time for appeal did not begin to run until notice of the entry of judgment had been received by him or his counsel. Rule 49(c) of the Rules of Criminal Procedure states:

"Notice of Orders. Immediately upon the entry of an order made on a written motion subsequent to arraignment the clerk shall mail to each party affected thereby a notice thereof and shall make a note in the docket of the mailing."

■ Even if the present judgment appealed from were to be considered an "order" within the meaning of Rule 49 (c), appellant's argument nevertheless must fail for both the appellant and his counsel heard the judgment orally stated in open court and were thereby given sufficient notice that an entry would follow soon thereafter; furthermore, appellant nowhere claims to have relied on the duty of the clerk to give such notification. Under these circumstances we conclude that "no consequences attached to the failure of the clerk to give the prescribed notice * * *." (Huff v. United States, 5 Cir., 1951, 192 F.2d 911, 913, certiorari denied 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703) and that the time for appeal began running on June 24, 1960. Hyche v. United States, 5 Cir., 1960, 278 F.2d 915.

Since the appellant's notice of appeal was not filed within the time prescribed we do not have jurisdiction to hear the appeal. United States v. Robinson, 1960, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259.

■ Appellant, in anticipation of this conclusion, requests us to consider the matter as an application for a writ of habeas corpus. Considered as such, however, the application meets the same destiny as the appeal.

U.S.C.A. Reynolds v. Wade, 1957, 16 Alaska 675, 241 F.2d 208.

2. In a civil proceeding, this may not have been a sufficient entry under Rule 79(a) Federal Rules of Civil Procedure, 28

28 U.S.C.A. § 2255 in part provides:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Manson has not previously applied to the District Court for relief under a motion pursuant to Sec. 2255, and we cannot conclude from the record before us that the remedy by such motion would be "inadequate or ineffective." The writ of habeas corpus is therefore denied. Sorrentino v. Swope, 9 Cir., 1952, 198 F.2d 789.

Appeal dismissed; writ of habeas corpus Denied.