**John J. BLAKE, Petitioner,**

v.

**UNITED STATES of America et al.,
Respondents.**

**No. 73–11–Misc. T.**

United States District Court,
M. D. Florida,
Tampa Division.
July 26, 1973.

William James, Asst. U. S. Atty., Tampa, Fla., Harvey Schlesinger, Asst. U. S. Atty., Jacksonville, Fla., for respondents.

John Joseph Blake, pro se.

## ORDER

TJOFLAT, District Judge.

Petitioner has filed with this Court a motion to vacate sentence pursuant to Title 28, United States Code, Section 2255. Petitioner is a federal prisoner at Texarkana Correctional Institution, Texarkana, Texas, where he is serving a three year sentence for conspiracy to rob a federally insured bank. Upon entry of a guilty plea before this Court on December 22, 1971, petitioner was given a three year suspended sentence and placed on probation for two years. After a hearing on June 9, 1972, this Court revoked petitioner's probation and ordered commencement of the three year sentence.

Petitioner challenges his detention on the grounds that (1) he was denied a list of charges prior to his original conviction and that, because of this, he pled guilty to the offense of possession of firearms; (2) without his consent or knowledge the offense charged against him was changed to conspiracy to rob a bank; (3) he was promised, with the knowledge and consent of this Court, that in exchange for a plea of guilty he would receive either a one year sentence of imprisonment, or a suspended sentence with two years of probation; (4) the revocation hearing was procedurally inadequate; and (5) the revocation decision was unsupported by the evidence. ▮ Petitioner's first two contentions are refuted by the record. On Au-gust 25, 1971, the Grand Jury for the United States District Court, Middle District of Florida, Tampa Division, returned a true bill indicting petitioner in two counts for (1) conspiracy to rob a federally insured bank; and (2) illegal possession of firearms. On December 22, 1971, petitioner appeared with counsel before this Court and pled guilty to count one of the indictment, conspiracy to rob a bank. Count two was dismissed (transcript of proceedings, December 21, 1972, page 4). Neither petitioner nor his counsel suggested at sentencing before this Court that petitioner misunderstood the charge to which he was pleading guilty. The record discloses that petitioner was given an opportunity to express any objection he might have concerning entry of the plea. Petitioner indicated that he understood the consequences of his plea and that it was voluntarily entered. Under these circumstances, petitioner's bald assertion that he plead guilty to count two of the indictment, illegal possession of firearms, rather than count one, conspiracy to rob a bank, will not afford him grounds for Section 2255 relief. *See* Bongiorno v. United States, 424 F.2d 373 (8th Cir. 1970).

▮ The record also refutes petitioner's third contention that this Court agreed to impose a different sentence than it actually did. This Court announced in open court the terms of the plea bargain. Petitioner's counsel indicated that the stated terms accurately reflected the agreement, and petitioner acknowledged his comprehension of the terms. (page five of the transcript).

▮▮ Petitioner's final two contentions are not properly raised in a motion pursuant to Section 2255. The Supreme Court has interpreted the statute as stating four grounds on which relief can be claimed:

(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence,

(3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426–427, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962). A motion under Section 2255 may be utilized to attack only the sentence as *imposed,* as distinct from the sentence as it is *executed.* Freeman v. United States, 103 U.S.App.D.C. 15, 254 F.2d 352 (D.C. Cir. 1958); Mordecai v. United States, 137 U.S.App.D.C. 198, 421 F.2d 1133 (1969). This Court's revocation of petitioner's probation did not entail imposition of any sentence. Rather, sentence was imposed on December 22, 1971, upon the entry of petitioner's guilty plea, and executed on June 9, 1972, with revocation of petitioner's probation.

■ Petitioner's motion may not be construed by this Court as an application for a writ of habeas corpus under Title 28, United States Code, Section 2241, because such an application may only be validly filed in the court within the territorial jurisdiction of which (1) the respondent is located, and (2) the petitioner himself is located. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L. Ed. 1898 (1948); Whiting v. Chew, 273 F.2d 885 (4th Cir. 1960). Since petitioner is imprisoned outside this Court's jurisdiction, his application must be directed elsewhere.

■ Even if this Court were to allow petitioner to challenge the revocation hearing proceedings on a Section 2255 motion, his claim for relief would prove to be groundless. Petitioner alleges that at the revocation hearing he was denied the opportunity to confront and cross-examine the witnesses against him. It is clear from the record of the hearing that petitioner appeared with counsel and was given full and fair opportunity to examine each witness called. Petitioner further alleges that

he was denied an opportunity to examine evidence made available to the Court by the probation officer. This contention is refuted by the hearing record which affirmatively shows that petitioner's counsel was given a copy of the petition to revoke probation at the beginning of the hearing. All the evidence relied on by the Court in deciding to revoke petitioner's probation was presented at the hearing in the presence of petitioner and his counsel. The fact that petitioner was not given a copy of the petition to revoke probation, containing the probation conditions he allegedly violated, prior to the revocation hearing does not constitute error sufficient to warrant Section 2255 relief. Neither petitioner nor his counsel raised objection to this point during the hearing and no appeal on the issue has been taken. It is well established that Section 2255 was not intended to be used in lieu of direct review of errors committed in the course of a trial, even though such errors may relate to constitutional rights. It is only when a petitioner has been denied the substance of a fair trial that the validity of the proceedings may be collaterally attacked. Diaz v. United States, D.C., 264 F.Supp. 937, affirmed 391 F. 2d 932 (5th Cir. 1967). The same may be said of revocation of probation proceedings. It is also clear that a probation revocation hearing is not a formal trial, United States v. Bryant, 431 F.2d 425 (5th Cir. 1970); United States v. Sutton, 421 F.2d 1394 (5th Cir. 1970), and that normal procedures and evidentiary rules governing criminal trials are not required at such hearings.[1] In view of the intended role of Section 2255 and the relaxed standards for probation revocation proceedings it is concluded that petitioner is not entitled to relief.

■ Petitioner further claims that *improper venue of the hearing and his failure to obtain bond pending the hearing handicapped his defense efforts.*

---

1. At least one court has held that probation may be revoked upon a summary hearing without notice to the probationer of specific charges of violations of conditions of his probation. Yates v. United States, 308 F.2d 737 (10th Cir. 1962).

These claims were not raised at the hearing and have not been raised on appeal. It cannot be said that these alleged deficiencies tainted the revocation hearing to the degree required for allowance of Section 2255 relief.

 Petitioner contends that the constitutional adequacy of the procedures followed at his June 9, 1972 hearing should be tested against the standards established in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Morrissey* the Supreme Court considered the issue of procedural standards for parole revocations. Although it is arguable that *Morrissey* should apply with equal force to revocation of probation (*see e. g.*, People v. Varner, 508 P.2d 390, Colorado Supreme Court, 1973), this Court need not decide that issue because petitioner's hearing occurred prior to the *Morrissey* decision. It is clear from the opinion in *Morrissey* that the decision was intended to have no retroactive application. The Court explicitly stated that "[t]he few basic requirements set out above . . . are applicable to *future* revocations of parole . . . ." 408 U.S. at p. 490, 92 S.Ct. at p. 2604 (emphasis added) *See* Birzon v. King, 469 F.2d 1241 (CA2, 1972).

 Petitioner claims that due process requires findings of fact in support of the Court's determination of a violation of conditions of probation. In Blaricom v. Forscht, 473 F.2d 1323 (5th Cir. 1973), the Court held that the due process standards of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), applied to parole revocation proceedings, regardless of the application of *Morrissey*. The similarities between revocation of parole and probation lead this Court to conclude that the *Goldberg* standards should be applied with equal force to petitioner's probation revocation hearings. One of the *Goldberg* standards applied in *Blaricom* is the right to a written statement by the factfinder as to the evidence re-

lied on and the reasons for the revocation. Although not expressed in the form of an enumeration of specific violations of the conditions of probation, the record of petitioner's hearing reveals that this Court relied on findings that petitioner violated probation condition (3) that he maintain regular employment, and condition (4) that he not leave the judicial district without permission of the probation officer. The other charge in the petition for revocation—petitioner's arrest and conviction of May 12, 1972, in Tampa, Florida,—was specifically disavowed by this Court as being a determinative factor. The insignificance of the arrest and conviction was further declared by this Court in its November 13, 1972, order denying petitioner's motion for "clarification of sentence" and petition for rehearing on revocation of probation (Case #71–245–Cr.T). This Court feels that the Court's discussion of the evidence at the hearing was sufficiently clear to inform petitioner of the reasons for the revocation.

 As for the legal adequacy of the grounds of the revocation, the record discloses ample evidence to support findings that petitioner violated conditions (3) and (4) of his probation. Whether probation should be revoked is within the sound judicial discretion of the court granting it. Broadus v. United States, 317 F.2d 212 (5th Cir. 1963), cert. denied, 375 U.S. 829, 84 S.Ct. 74, 11 L.Ed. 2d 61. A violation of the conditions of probation forms a sufficient basis for exercise of a court's discretion to revoke probation. Bartone v. United States, 317 F.2d 608 (5th Cir. 1963), reversed on other grounds, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11.

It is, therefore,

Ordered:

1. Petitioner is granted leave to proceed in forma pauperis.

2. The motion to vacate sentence is denied and this case is dismissed.