861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert William MILNES, Petitioner-Appellant,
v.
F.P. SAMPLES, Respondent-Appellee.
 No. 88-7584.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 29, 1988.
Decided Sept. 22, 1988.
 
 Robert William Milnes, appellant pro se.
 Paul Martin Newby, Office of U.S. Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert William Milnes appeals from an order of the district court dismissing his petition for habeas corpus relief, brought pursuant to 28 U.S.C. Sec. 2241, for lack of jurisdiction. This appeal presents the narrow question of whether a challenge to a probation revocation proceeding must be brought in the court whose proceedings are being attacked, pursuant to 28 U.S.C. Sec. 2255, or whether such a challenge may be brought by way of a habeas corpus action pursuant to Sec. 2241 in the district court having jurisdiction over the petitioner or his custodian.[1] The district court held that Milnes's challenge to his probation revocation must be brought under Sec. 2255 in the sentencing court and dismissed the petition. We affirm.
 
 
 2
 * On June 23, 1986, after a hearing in which Milnes was represented by counsel, the district court for the Eastern District of Pennsylvania revoked Milnes's probation and imposed a sentence of confinement. Then, while incarcerated at the Federal Correctional Institution at Butner, North Carolina, Milnes filed a petition for habeas corpus relief pursuant to Sec. 2241 in the United States District Court for the Eastern District of North Carolina. In this petition Milnes alleged that the Pennsylvania district court revoked his probation and imposed a sentence of incarceration in violation of his due process rights. The Government responded to the petition by arguing that Sec. 2241 was not the proper proceeding for asserting this claim because Milnes had an effective remedy under Sec. 2255. On this threshold jurisdictional question, Milnes countered that the Sec. 2255 remedy was inadequate or ineffective because the Pennsylvania district court had denied his prior Sec. 2255 motions challenging the original sentence of probation but not the revocation proceeding; therefore, he contended he should be permitted to proceed under Sec. 2241.
 
 
 3
 The district court concluded that a Sec. 2255 motion was adequate to provide Milnes the relief that he sought, even though it would be in addition to the previously denied Sec. 2255 motions, and dismissed this Sec. 2241 action for lack of jurisdiction.
 
 
 4
 Milnes timely appealed.
 
 II
 
 5
 Section 2255 of Title 28 of the United States Code[2] was enacted "to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427 (1962). Section 2255 permits a federal prisoner to move the sentencing court to vacate, set aside, or correct his sentence. The prisoner may challenge his conviction or sentence on any of the four grounds stated by the statute:
 
 
 6
 (1) the sentence was imposed in violation of the Constitution or laws of the United States,
 
 
 7
 (2) the court was without jurisdiction to impose the sentence,
 
 
 8
 (3) the sentence was in excess of the maximum authorized by law, or
 
 
 9
 (4) the sentence is otherwise subject to collateral attack.
 
 
 10
 If a prisoner is authorized to apply for relief under Sec. 2255, an application for a writ of habeas corpus under Sec. 2241 will not be entertained unless the Sec. 2255 motion is "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. Sec. 2255; Swain v. Pressley, 430 U.S. 372, 381 (1977).
 
 
 11
 In support of his contention that the North Carolina district court has jurisdiction over his Sec. 2241 petition, Milnes directs our attention to the Advisory Committee Notes to Rule 1, Rules Governing Section 2255 Proceedings. Those notes provide in pertinent part: "The challenge of decisions such as the revocation of probation or parole are not appropriately dealt with under 28 U.S.C. Sec. 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus, are available in such situations."
 
 
 12
 The Rules Governing Section 2255 Proceedings were approved on September 28, 1976, and became effective with respect to Sec. 2255 applications filed on or after February 1, 1977.[3] Most of the Courts of Appeals that have addressed the appropriateness of a Sec. 2255 remedy in challenges to probation revocations, both before[4] and after[5] February 1, 1977, have found the Sec. 2255 remedy appropriate.
 
 
 13
 Although we have never specifically addressed the issue presented in this appeal, we have previously held that a Sec. 2255 application may be used to challenge a sentence imposed after revocation of probation. In United States v. Lewis, 392 F.2d 440 (4th Cir.1968), the district court had revoked the defendant's probation and sentenced him to a term of confinement. Lewis then moved under both Sec. 2255 and Fed.R.Crim.P. 35 for relief from the sentence. On review of the district court's denial of these motions, we concluded that the "otherwise open to collateral attack" language of Sec. 2255 encompassed Lewis's claim and that Sec. 2255 provided an appropriate means for Lewis to challenge his sentence. Lewis, 392 F.2d at 443-44. See also United States v. Webster, 492 F.2d 1048, 1051 n. 1 (D.C.Cir.1974) ("otherwise subject to collateral attack" language is broad enough to cover constitutional claim of deprivation of fair procedures at revocation hearing).
 
 
 14
 While we agree with the advisory committee notes that habeas corpus, i.e. a Sec. 2241 petition, is appropriate to challenge a parole revocation, we are unpersuaded that the Sec. 2255 remedy is inappropriate for probation revocations. Unlike parole revocations, probation revocation proceedings are continuations of the original criminal proceeding. A decision to grant or revoke parole does not require the participation of the sentencing court. Parole decisions are part of the execution of the sentence after it is imposed, rather than the imposition of the sentence. A probation revocation, on the other hand, requires the sentencing court responsible for supervising the probationer to determine if the conditions or terms of the probation have been violated. The relevant parties, witnesses, and records will be more accessible to the sentencing court than to a court whose only connection to the challenged proceeding is the petitioner's presence in that court's jurisdiction. Furthermore, upon a challenge to probation revocation, the court whose proceedings are being attacked should be given the first opportunity to correct its own errors.
 
 
 15
 We therefore hold that jurisdiction over challenges to probation revocation proceedings and sentences imposed subsequent to such proceedings lies in the "court whose proceedings are being attacked." Napoles v. United States, 536 F.2d 722, 726 (7th Cir.1976); United States v. Condit, 621 F.2d 1096, 1097 (10th Cir.1980). Unless a petitioner shows that a Sec. 2255 motion is an inadequate or ineffective avenue to provide review over alleged deficiencies in the probation revocation decision, any challenge to the revocation proceeding or to a sentence imposed after revocation of probation must be by a Sec. 2255 motion and not a Sec. 2241 petition. See Fox v. United States, 354 F.2d 752 (10th Cir.1965); see also Manson v. United States, 288 F.2d 807 (9th Cir.1961).
 
 
 16
 Milnes has not shown that Sec. 2255 is an inadequate or ineffective vehicle for obtaining the review he seeks. The sentencing court's denial of relief in earlier motions under Sec. 2255 challenging Milnes's original probation rather than his probation revocation is insufficient to establish that the Sec. 2255 remedy is inadequate or ineffective. The district court's dismissal of this Sec. 2241 petition for lack of jurisdiction was proper.
 
 III
 
 17
 We dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Local Rule 34(a) because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process, and affirm the judgment of the district court.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Milnes, appealing pro se, has moved this Court to appoint an attorney to assist, but not represent, him on appeal. We deny the motion. This appeal does not present exceptional circumstances requiring, in the interests of justice, the appointment of counsel
 
 
 [2]
 Section 2255 provides in pertinent part:
 A prisoner ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 * * *
 If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
 * * *
 An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
 
 
 [3]
 See Pub.L. No. 94-426, 90 Stat. 1334 (1976)
 
 
 [4]
 Cases before effective date: United States v. Lewis, 392 F.2d 440 (4th Cir.1968); United States v. Webster, 492 F.2d 1048 (D.C.Cir.1974); Skipworth v. United States, 508 F.2d 598 (3d Cir.1975); Napoles v. United States, 536 F.2d 722 (7th Cir.1976); Brown v. Warden, 351 F.2d 564 (7th Cir.1965), cert. denied, 382 U.S. 1028 (1966); Manson v. United States, 288 F.2d 807 (9th Cir.1961); Fox v. United States, 344 F.2d 753 (10th Cir.1965); but see Blake v. United States, 372 F.Supp. 186 (M.D.Fla.1973) (challenges to probation revocation proper only under 28 U.S.C. Sec. 2241), aff'd, 489 F.2d 1402 (5th Cir.1974)
 
 
 [5]
 Cases after effective date: United States v. McDonald, 611 F.2d 1291 (9th Cir.1980); Higdon v. United States, 627 F.2d 893 (9th Cir.1980); United States v. Condit, 621 F.2d 1096 (10th Cir.1980). See United States v. Wren, 682 F.Supp. 1237 (S.D.Ga.1988)