## FINLEY *v.* ISETT.

**APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF IOWA.**

No. 150. Submitted April 7, 1869.—Decided April 15, 1869.

B., who had transactions with the appellees who were bankers, delivered to them his five promissory notes secured by mortgage. The appellant was also a creditor of B. and had a claim upon the fund in the appellees' hands. *Held,* (1) That the fact that the notes were in the possession of the appellees raised a legal presumption that they were their property; (2) That the weight of the evidence was in favor of the position that the appellees were to be first paid before transferring the notes to appellants.

THE case is stated in the opinion.

MR. JUSTICE MILLER delivered the opinion of the court.

In the spring of the year 1865 Sage O. Butler made and delivered to Isett & Brewster, a banking firm of Muscatine, Iowa, his five several promissory notes, for two thousand dollars each, payable to their order in one, two, three, four, and five years from date; and, at the same time, made and delivered to them a mortgage on certain real estate to secure the payment of the notes.

The plaintiff, Finley, on the 22d January, 1866, filed this bill in chancery, alleging that the notes and mortgage were deposited with Isett & Brewster, in trust for his benefit, for the purpose of securing Butler's indebtedness to him, and praying the court to declare the trust, and decree Isett & Brewster to assign to him the notes and mortgage, or for such other relief as might be appropriate. Butler is also made defendant, and all three of them required to answer specific interrogatories, under oath, touching the alleged trust.

Isett & Brewster file separate answers, and say that the notes were delivered to them as security for advances made by them to Butler, to enable him to carry on the business of packing pork, during the previous winter, and with an understanding that when their debt was paid, they would transfer the notes and mortgage to

whomsoever Butler might direct. They allege that Butler is still indebted to them in the sum of six thousand dollars, and say they are willing to transfer the securities to plaintiff on payment of that sum and interest.

There seems to be no doubt about Butler's indebtedness to Isett & Brewster, and to complainant.

The issue, therefore, is a very simple question of fact, namely, whether Isett & Brewster received the notes and mortgage from Butler as a security, primarily, for their own debt, and then subject to his order; or as a mere trust for plaintiff, without any beneficial interest in themselves.

The main reliance of plaintiff to establish the trust, is on a letter written by Butler to him, at or about the time he delivered the securities to Isett & Brewster.

In this letter Butler says: "For the purpose of protecting you to some extent against worthless securities, I executed my notes, on the 11th March, at one, two, three, four, and five years, with interest at six per cent, to order of Messrs. Isett & Brewster, and secured the same by mortgage on my pork house, and the mortgage was recorded, and Messrs. Isett & Brewster hold these notes in trust, and will, at proper time, transfer them, with mortgage, (without recourse,) to parties I may designate. When I know my exact situation, I hope to do more, but in mean time please keep the above as confidential."

Butler, whose deposition is in the record, swears that he read this letter to Brewster, at the time he delivered to him the notes and mortgage, and told him that he intended them for the benefit of plaintiff, and that Brewster assented to the arrangement, and agreed to assign them, without recourse, when requested.

In addition to this positive testimony of Butler, there is some evidence of statements not very clear or satisfactory, made by Brewster, when speaking of these securities afterwards.

The statement of Holden is, that when he asked Brewster about these notes and mortgage, he said "it was a trust matter." As this was true, whether the trust was to secure Finley first, or only for his use, after Isett & Brewster were paid, it does not prove anything in the present issue.

Higgins, another witness, says that, when he asked Brewster why he had taken the mortgage, he said he did not take it on his own account, but in trust for another. This conversation was April 18th, six days before the date of the letter from Butler to plaintiff, and is to be taken for what it is worth.

To this testimony on the part of complainant, is opposed —

1. The fact that the notes and mortgage are payable to the order of Isett & Brewster, and are in their possession, which raises the legal presumption that they are their own property.

2. The separate answers of Isett & Brewster to plaintiff's bill and interrogatories, in which they both deny the exclusive trust for plaintiff, and assert their interest to the extent of their debt.

3. Brewster denies, in his deposition, that the letter of Butler to Finley was ever read to him or by him, or that he ever gave assent to the claim of Finley.

4. Certain letters from Finley, the plaintiff, to Brewster and Butler, written in October, 1865, in regard to the matters now in controversy, in none of which does he claim that these notes are for his benefit, until after Isett & Brewster are first paid, and in one of them, dated October 20, to Butler, he says: "As I understand you and Mr. Brewster, the mortgage was given with the intention of protecting my interests as well as Mr. B. When Mr. B.'s claim was satisfied, the transfer of the property to be made to me. This is the way I understand my position now."

5. The statement of Butler, in his deposition, that, at an interview between himself and Finley and Brewster, in October, Mr. Brewster spoke of his prior claim on the notes and mortgage, and that, while Finley did not in words admit it, he made no denial of it.

We are of opinion that the weight of the evidence is clearly in favor of the statement of the defendants, that they were to be first paid out of the notes, before they were to transfer them.

The decree of the Circuit Court, giving the two notes last due to plaintiff, is therefore as favorable to him as the facts justify, and must be *Affirmed.*

*Mr. George C. Bates* for appellant.

*Mr. William F. Brannan* for appellees.