**David MARTIN, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15777.

United States Court of Appeals
Eighth Circuit.

Oct. 23, 1957.

Jerome M. Rubenstein, St. Louis, Mo., for appellant.

Hyam Segell, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal in forma pauperis from an order of the United States District Court for the District of Minnesota, denying a motion, under 28 U.S. C.A. § 2255, of David Martin (whose real name is Harold Kaufman) for the vacation of two concurrent sentences, each for three years imprisonment, imposed by the United States District Court for the Southern District of Florida on August 11, 1950, upon the defendant's plea of guilty to two informations which had been transferred to that court for disposition, under Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A. One of these informations was from Oklahoma and charged the defendant with obtaining money from the Veterans Canteen Service by means of two false checks, in violation of 18 U.S.C.A. § 13, and Title 21, § 1541, Oklahoma Statutes 1941. The other information was from Texas and charged the interstate transportation of a falsely made and counterfeit security, in violation of 18 U.S.C.A. § 2314.

The sentencing court, namely, the United States District Court for the Southern District of Florida (hereafter referred to as the Florida Court), suspended the execution of the sentences imposed, and placed the defendant on probation for a period of three years.

On October 3, 1950, the Florida Court, having been advised that the defendant had been arrested in St. Paul, Minnesota, on a bad check charge, issued a bench warrant for the defendant for violation of probation. The warrant was executed on March 19, 1954, by the United States Marshal for the District of Minnesota, by arresting the defendant at the Minnesota State Prison, at Stillwater, Minnesota. From October 20, 1950, to March 19, 1954, when he was released on parole, the defendant was confined in the Minnesota State Prison under an indeterminate sentence of two to twenty years imposed by the District Court of Ramsey County, Minnesota, based upon his plea of guilty to grand larceny.

On March 8, 1954, the Florida Court transferred jurisdiction of the defendant, as a probationer, to the United States District Court for the District of Minnesota (hereafter referred to as the Minnesota Court), under authority of 18 U.S.C.A. § 3653.[1] The latter court accepted the transfer. On March 26, 1954, the defendant, recently paroled from the Minnesota State Prison, was brought before the Minnesota Court, charged with violating his probation. He acknowledged that he had violated his probation, advised the court that he would be under parole from the Minnesota State Prison for ten years, and said that if given another chance he thought he could make good and could secure employment. The court continued his probation for two years and eight months.

1. "§ 3653.

    \*       \*       \*       \*       \*

"Whenever during the period of his probation, a probationer heretofore or hereafter placed on probation, goes from the district in which he is being supervised to another district, jurisdiction over him may be transferred, in the discretion of the court, from the court for the district from which he goes to the court for the other district, with the concurrence of the latter court. Thereupon the court for the district to which jurisdiction is transferred shall have all power with respect to the probationer that was previously possessed by the court for the district from which the transfer is made, except that the period of probation shall not be changed without the consent of the sentencing court. This process under the same conditions may be repeated whenever during the period of his probation the probationer goes from the district in which he is being supervised to another district. \* \* \*"

On August 13, 1956, the defendant was again brought before the Minnesota Court, charged with violating his probation. He was represented by counsel. He admitted having left the jurisdiction of the court, having in the meantime had trouble in New Orleans over passing false checks, and having served some time in Leavenworth. The court ordered that his probation be revoked and that he enter upon the execution of the sentences of three years imprisonment imposed by the Florida Court.

The defendant's motion to vacate sentence was filed November 19, 1956. In it he asserted that the Minnesota Court was without jurisdiction "over matters growing out of and solely within the jurisdiction of the United States District Court for the Southern District of Florida." The court denied his motion.

Counsel appointed by this Court to represent the defendant here, has advanced every argument in his behalf which has the slightest color of merit. Counsel does not urge, however, that the Minnesota Court was without jurisdiction to revoke the defendant's probation, and obviously it was not. Counsel's argument is that the sentences imposed by the Florida Court should be vacated because the record shows: (1) that the defendant did not competently waive his right to be prosecuted by indictment in that court and did not consent in open court to be prosecuted by information; (2) that the defendant was not advised of his right to counsel when he appeared in that court and entered his plea of guilty; and (3) that the information based on 18 U.S.C.A. § 2314, to which he entered his plea, failed to state an offense.

None of the questions raised by counsel for the defendant was raised in the Minnesota Court upon the motion to vacate sentence. It is our opinion that none of these questions properly could have been presented to or considered by that court. All it had done was revoke the probation of a probationer, supervision of whom had been transferred to it by the Florida Court. The defendant's motion, made to the Minnesota Court, to vacate his sentences, could, we think, be regarded as nothing more than a request that that court rule that it had no jurisdiction to revoke probation and that it vacate its order of revocation.

The Minnesota Court had nothing to do with the procedure leading up to the sentencing of the defendant in Florida, and could not, in our opinion, have concerned itself with the question of the validity of the sentences imposed by the Florida Court. The questions whether the sentences imposed by the Florida Court are void for any lack of procedural due process or for any other reasons are, in our opinion, under § 2255 of Title 28 U.S.C.A., exclusively for that court to determine.

■ The first paragraph of § 2255 reads as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

"The very purpose of Section 2255 is to hold any required hearing in the sentencing court because of the inconvenience of transporting court officials and other necessary witnesses to the district of confinement." United States v. Hayman, 342 U.S. 205, 220–221, 72 S.Ct. 263, 273, 96 L.Ed. 232. This Court in Weber v. Steele, 8 Cir., 185 F.2d 799, 800, said:

" * * * A motion to vacate or correct a sentence can be made in the sentencing court at any time. A denial of such a motion by that court is subject to review by the Court of Appeals of the Circuit in which the sentencing court is locat-

ed, and on certiorari by the Supreme Court of the United States.

"The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy. See Berkoff v. Humphrey, 8 Cir., 159 F. 2d 5, 7-8; Byrd v. Pescor, 8 Cir., 163 F.2d 775, 779-780; Armstrong v. Steele, 8 Cir., 181 F.2d 763, 764; Pinkerton v. Steele, 8 Cir., 181 F.2d 536."

See, also, Barrett v. Hunter, 10 Cir., 180 F.2d 510, 513, 516, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650.

■ We are satisfied that the sentences imposed upon the defendant by the United States District Court for the Southern District of Florida were not, and are not, under § 2255 or otherwise, subject to review by, or to collateral attack in, the United States District Court for the District of Minnesota. That court correctly denied the motion of the defendant. The order appealed from is affirmed.