Henry Lee **WOODS**, Petitioner,

v.

**Charles M. RODGERS**, Respondent.

No. 383–67.

United States District Court
District of Columbia.

Sept. 15, 1967.

**560**

George Thomas, Washington, D. C., for petitioner.

Edward Miller, Asst. U. S. Atty., Washington, D. C., for respondent.

## OPINION

HOLTZOFF, District Judge.

This is a hearing on a return to a writ of *habeas corpus*. The only question involved at this stage of this proceeding is a question of jurisdiction, namely, whether this Court has jurisdiction of the proceeding or whether the petitioner's remedy is by a motion under 28 U.S.C. § 2255 in the United States District Court for the District of Massachusetts.

The salient facts are as follows. On March 17, 1958 the defendant was indicted in the United States District Court for the District of Columbia on a number of charges of possession of stolen securities of the United States and forgery of endorsements thereon. Sometime later he was arrested on these charges in the District of Massachusetts. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the cases were transferred from the District of Columbia to the District of Massachusetts for disposition. The petitioner pleaded guilty in the Unit-

ed States District Court for the District of Massachusetts and a judgment was rendered by that Court on July 21, 1961. The Massachusetts Court suspended imposition of sentence and placed the defendant on probation. The defendant then returned to the District of Columbia and in due course the supervision and jurisdiction over him was transferred to the District of Columbia pursuant to 18 U.S.C. § 3653. Later he committed a violation of probation and was brought before the United States District Court for the District of Columbia, on charges of violation of probation. On March 13, 1963, the District of Columbia Court revoked probation and imposed a sentence of imprisonment. Subsequently, in due course, he was paroled. Recently he was arrested under a warrant issued by the United States Parole Board on a charge of violation of parole and is held under that warrant at this time.

He presents a petition for writ of *habeas corpus*, claiming that the sentence imposed on him had been imposed in violation of his constitutional rights in that at the time he entered his plea of guilty in the Massachusetts Court he had not been apprised of his rights to counsel and did not knowingly and deliberately waive those rights.

■ The Court is unable to perceive why the petitioner is proceeding by means of a petition for writ of *habeas corpus* instead of by motion under 28 U.S.C. § 2255 to set aside the sentence. The Court will, however, consider the present proceeding as though it was a motion under 28 U.S.C. § 2255, as well as a petition for writ of *habeas corpus*, because these technical refinements should not control the disposition of the petitioner's rights.

The vital question is whether the motion to vacate the sentence should have been brought in the Massachusetts Court rather than in this Court. In order to resolve this question it is necessary to consider the pertinent statutes. 18 U.S. C. § 3653 provides for the transfer of supervision over probationers from one

district to another. The applicable provisions of that section read as follows:

"Whenever during the period of his probation, a probationer heretofore or hereafter placed on probation, goes from the district in which he is being supervised to another district, jurisdiction over him may be transferred, in the discretion of the court, from the court in the district from which he goes to the court for the other district, with the concurrence of the latter court. Thereupon the court for the district to which jurisdiction is transferred shall have all power with respect to the probationer that was previously possessed by the court for the district from which the transfer is made, except that the period of probation shall not be changed without the consent of the sentencing court."

It is claimed by learned counsel for the petitioner that under this provision this Court has jurisdiction over a proceeding seeking to attack the sentence originally imposed.

28 U.S.C. § 2255, which relates to motions to set aside a sentence, reads, in part, as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws or the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

There is no question that under a strict literal reading of the two statutes, especially the statute last mentioned, it is this Court that has jurisdiction over the present proceeding, since it is the Court that imposed the sentence which the petitioner is serving. It is this Court that revoked probation and imposed the sentence. These circumstances, however, do not dispose of the question.

The purpose of the legislation culminating in the enactment of 28 U.S.C. § 2255 was to obviate the difficulties that had arisen as a result of the institution of *habeas corpus* proceedings by Federal prisoners in districts in which they were incarcerated, seeking to attack their sentences which may have been imposed in some other district, sometimes a distant district. Such proceedings frequently resulted in a Federal judge in the district where the petitioner was confined, passing upon the validity of a proceeding before a judge of coordinate jurisdiction, who had imposed the sentence in some other district. The purpose of Section 2255 was to effect a change in the law whereby the Judge whose proceedings were being attacked would in the first instance hear and determine the validity of the attack, instead of having the matter tried by some other Judge in some other district.

Obviously, the draftsmen of the legislation did not envisage the possibility—which does not occur too frequently—of a person attacking a sentence imposed on him in one district on the basis of a plea of guilty and a revocation of probation in another district.

In this instance the attack is not on the regularity of the sentencing procedure or the validity *per se* of the sentence imposed in this district but on the validity of the proceedings, which resulted in accepting the plea of guilty in the District of Massachusetts and which forms the basis of the sentence later imposed in this district.

The Court is of the opinion that it is within the legislative intent that an attack on a sentence should be heard in the district in which the proceedings sought to be assailed occurred. The present situation no doubt may be deemed a *casus omissus*. A reasonable construction of the statute leads the Court to the conclusion that this proceeding should be heard in the District of Massachusetts in order that the Massachusetts court having accepted the plea of guilty, will pass upon the validity of the plea.

To be sure, we are departing from the exact literal construction of the statute but are construing it in the light of the obvious Congressional intent.

In Rector, etc., of Holy Trinity Church v. United States, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226, the Supreme Court stated:

"It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers. This has been often asserted, and the Reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of the legislator, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act."

In the case of United States v. Kirby, 74 U.S. 482, 7 Wall. 482, 486, 19 L.Ed. 273, the Court stated:

"All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter."

Support for the conclusion reached by this Court is found in the decision of the Court of Appeals for the Eighth Circuit in Martin v. United States, 248 F.2d 554, in which Judge Sanborn, an outstanding jurist, wrote the opinion. In that case the United States District Court for the Southern District of Florida imposed a sentence, suspended its execution and placed the defendant on probation. The Florida Court transferred jurisdiction of the defendant as a probationer to the United States District Court for the District of Minnesota. Later the defendant was arrested and charged with violating conditions of his probation. The Minnesota Court revoked his probation and ordered him to enter upon the execution of the sentence previously imposed by the Florida Court. He later filed a motion to vacate the order of revocation of probation made by the Minnesota Court and claimed that the sentence previously imposed by the Florida Court should be vacated because, among other things, he had not been advised of his right to counsel when he entered his plea of guilty in Florida. The Court of Appeals for the Eighth Circuit held that the Minnesota Court had no jurisdiction over the matter but that the only attack may be under 28 U.S.C. § 2255 in the Florida Court.

The only distinction between the case at bar and the Martin case is that in the case at bar no sentence was imposed by the Massachusetts Court, but imposition of sentence was suspended and the defendant placed on probation; while in the Martin case the Florida Court had imposed sentence and suspended its execution. This Court is of the opinion that this difference in fact does not create any distinction in principle, because the Martin case stands for the proposition that a motion under 28 U.S.C. § 2255 should be brought before the Court whose proceedings are being attacked.

Here what is being attacked by the motion is not the proceedings in connection with the imposition of sentence in this Court, but the previous acceptance of the plea of guilty by the Massachusetts Court. In the light of these considerations the Court will discharge the writ, and dismiss the petition without prejudice to a motion under 28 U.S.C. § 2255 in the United States District Court in Massachusetts.

You may submit an order accordingly.

A transcript of the Court's oral decision will constitute the findings of fact and conclusions of law.