William Condon GRAHAM

v.

Olin G. BLACKWELL, Warden, U. S. Penitentiary, Atlanta, Georgia.

Civ. A. No. 13208.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 24, 1969.

William Condon Graham, pro se.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for defendant.

ORDER

EDENFIELD, District Judge.

Petitioner brings this habeas corpus petition before the court on the ground that his conviction is invalid under Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and

Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

Petitioner was convicted in the Middle District of Tennessee in 1964 for violation of 26 U.S.C. §§ 7203, 4401, 4411, 4412, the federal wagering tax provisions, resulting from failure to pay an occupational gambling stamp tax and file monthly excise tax forms. The Court of Appeals for the Sixth Circuit upheld the conviction. 363 F.2d 836 (1966).

Under 28 U.S.C. § 2255, petitioner sought relief in the sentencing court on the basis of *Marchetti* and *Grosso*, which stated that under the Fifth Amendment no convictions could be upheld for failure to comply with federal wagering tax requirements, the requirements breached by petitioner. The sentencing court denied petitioner relief on grounds that he had waived his right to assert the privilege against self-incrimination and that *Marchetti* and *Grosso* should receive prospective treatment only. Graham v. Blackwell, 291 F.Supp. 761 (M.D.Tenn.1968). The Court of Appeals affirmed the district court's denial of relief. Graham v. Blackwell, 407 F.2d 1313 (6th Cir. 1969). The case is now before the Supreme Court of the United States awaiting a determination of whether or not certiorari should be granted. 294 Misc. docket number in Supreme Ct. Subsequent to *Graham* in the Sixth Circuit, the Fifth Circuit in United States v. Lucia, 416 F.2d 920, Sept. 17, 1969, reached a contrary result, expressly disavowing *Graham* and holding *Marchetti* and *Grosso* retroactive.

■■■■ Petitioner urges that he has exhausted his remedies under § 2255 and therefore is entitled to relief under the Fifth Circuit's holding in United States v. Lucia. The court is unable to agree with petitioner's contentions.

First, it is clear that remedies under § 2255 have not been exhausted until the Supreme Court denies certiorari, which has not yet been done. Smith v. Settle, 302 F.2d 142 (8th Cir. 1962), see 368

U.S. 807, 82 S.Ct. 111, 7 L.Ed.2d 67; Crismond v. Blackwell, 333 F.2d 374, 377 (3d Cir. 1964).

Second, and more fundamental, a prisoner's compliance with the requirements of § 2255 is not merely a prerequisite to the filing of a petition for habeas corpus. The history behind passage of § 2255 indicates strongly that Congress was cognizant of the increase in habeas corpus applications, particularly in those districts, such as ours, the Northern District of Georgia, with penal institutions, and of the administrative difficulties associated with hearing a habeas corpus petition away from the sentencing court, where the records are filed. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). As Judge Holtzoff stated in Woods v. Rodgers, 275 F.Supp. 559, 561 (D.D.C.1967):

"The purpose of the legislation culminating in the enactment of 28 U.S. C. § 2255 was to obviate the difficulties that had arisen as a result of the institution of *habeas corpus* proceedings by Federal prisoners in districts in which they were incarcerated, seeking to attack their sentences which may have been imposed in some other district, sometimes a distant district. Such proceedings frequently resulted in a Federal judge in the district where the petitioner was confined, passing upon the validity of a proceeding before a judge of coordinate jurisdiction, who had imposed the sentence in some other district. The purpose of Section 2255 was to effect a change in the law whereby the Judge whose proceedings were being attacked would in the first instance hear and determine the validity of the attack, instead of having the matter tried by some other Judge in some other district."

Congress thus intended § 2255 to be more than merely a proceeding through which a petitioner must pass in order to obtain consideration of a habeas corpus petition by the court in the detaining district. The § 2255 motion is the *ex-*

*clusive* remedy, absent unusual circumstances, making it "inadequate or ineffective to test the legality of his detention." Robinson v. Swope, 197 F.2d 633 (9th Cir. 1952), cert. denied, 344 U.S. 867, 73 S.Ct. 109, 97 L.Ed. 673; Whiting v. Hunter, 204 F.2d 471 (10th Cir. 1953); Holloway v. Looney, 207 F.2d 433 (10th Cir. 1953), cert. denied, 346 U.S. 912, 74 S.Ct. 245, 98 L.Ed. 409; Duval v. Willingham, 390 F.2d 203 (10th Cir. 1968), cert. denied, 393 U.S. 877, 89 S.Ct. 175, 21 L.Ed.2d 149. Under § 2255:

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that *such court has denied him relief*, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

Here, the sentencing court and appellate court have denied petitioner relief on his § 2255 complaint, raising the identical issues before us now. The express language of the statute forbids us to entertain the habeas corpus action in such a situation, unless the § 2255 motion is inadequate and ineffective. There is nothing to indicate such inadequacy. The mere failure of the sentencing and appellate courts to rule in petitioner's favor cannot make his § 2255 ineffective and inadequate. Jones v. Squier, 195 F.2d 179 (9th Cir. 1952); Williams v. Heritage, 250 F.2d 390, 391 (9th Cir. 1957); Madigan v. Wells, 224 F.2d 577 (9th Cir. 1955), cert. denied, 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446. To hold otherwise would make a mockery of § 2255 and again create the very problems for courts in detaining districts which led to passage of § 2255. Woods v. Rodgers, supra.

Petitioner's application for the writ of habeas corpus is therefore denied.