Manuel NAPOLES, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–1937.

United States Court of Appeals,
Seventh Circuit.

Argued April 8, 1976.

Decided May 21, 1976.

Edward B. Arnolds, Chicago, Ill., for petitioner-appellant.

Samuel K. Skinner, U. S. Atty., William R. Coulson, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee.

Before PELL and SPRECHER, Circuit Judges, and JAMESON, Senior District Judge.*

* Senior Judge William J. Jameson of the District of Montana is sitting by designation.

PER CURIAM.

Manuel Napoles appeals from an order of the district court dismissing his petition for post conviction relief for lack of jurisdiction. The appeal involves an apparent conflict between 28 U.S.C. § 2255, which provides that the court imposing sentence shall retain continuing jurisdiction for post conviction challenges, and 18 U.S.C. § 3653, which provides that where jurisdiction over a probationer is transferred to another district, the court in that district shall have all power with respect to the probationer possessed by the court from which the transfer was made. We reverse, concluding that a § 2255 motion should be brought before the court whose proceedings are being attacked.

On June 16, 1972 petitioner pleaded guilty in the United States District Court for the Northern District of Illinois, Eastern Division, to five counts of illegally transporting aliens in violation of 8 U.S.C. § 1324(a)(1). On June 30, 1972 the court first imposed a sentence of three years imprisonment. Subsequently on the same day this sentence was vacated and Napoles was sentenced to a period of one year and three months imprisonment on Count One. On the remaining four counts imposition of sentence was suspended and Napoles was placed on probation for four years.[1] The order of commitment specified as a condition of probation that "defendant shall not re-enter the United States illegally".

Napoles was released from prison on March 9, 1973. While on probation, pursuant to the judgment entered June 30, 1972, he moved to Texas. On April 4, 1974 "jurisdiction of the probationer" was transferred to the Western District of Texas, pursuant to 18 U.S.C. § 3653. On April 26, 1974 the Texas court entered an order revoking probation, finding that Napoles had violat-

ed the conditions of his probation, as set forth in the judgment and sentence entered June 30, 1972. The Texas court sentenced Napoles to four years imprisonment, with the provision that he should be eligible for parole pursuant to 18 U.S.C. § 4208(a)(2). He is presently incarcerated in the Federal Penitentiary, Leavenworth, Kansas.

On January 14, 1975 Napoles filed in the Illinois court a *pro se* motion under § 2255 to vacate or modify his sentence, alleging that his guilty plea had been accepted without compliance with various requirements of Rule 11, F.R.Crim.P. The court appointed counsel for Napoles, who filed an amended § 2255 motion raising additional issues.[2] On September 17, 1975 the court entered an order dismissing Napoles' petition without prejudice, finding "jurisdiction to currently rest with the Texas court" pursuant to § 3653. On this appeal Napoles contends that under § 2255 jurisdiction remained with the District Court of Illinois which imposed the sentence which is attacked, even though jurisdiction of his probation had been transferred to the Texas court.

28 U.S.C. § 2255, enacted June 25, 1948 and amended May 24, 1949, provides in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*" [Emphasis added.]

1. 18 U.S.C. § 3651 provides that "Upon entering a judgment of conviction" the court "may suspend the imposition or execution of sentence and place the defendant on probation . . . ."

2. The amended motion raised eight grounds for vacation of sentence, all of which related to the proceedings in the Illinois court at the time of the imposition of sentence.

18 U.S.C. § 3653, enacted and amended on the same dates as § 2255,[3] states:

"Whenever during the period of his probation, a probationer heretofore or hereafter placed on probation, goes from the district in which he is being supervised to another district, jurisdiction over him may be transferred, in the discretion of the court, from the court for the district from which he goes to the court for the other district, with the concurrence of the latter court. Thereupon the court for the district to which jurisdiction is transferred *shall have all power with respect to the probationer that was previously possessed by the court for the district from which the transfer is made,* except that the period of probation shall not be changed without the consent of the sentencing court. . . ." [Emphasis added.]

The statutory conflict which occurs when a prisoner on probation is transferred to another district and then decides to attack the validity of the original sentence has been considered by two courts. Both have held that the proper forum to hear the § 2255 petition is the court which originally imposed the sentence.

In *Martin v. United States,* 248 F.2d 554 (8th Cir. 1957), two concurrent prison sentences were imposed upon the defendant in Florida upon pleas of guilty to two informations transferred to the Florida court pursuant to Rule 20 of the Federal Rules of Criminal Procedure. The court suspended the execution of the sentences and placed the defendant on probation. The defendant moved to Minnesota, and jurisdiction was transferred to the Minnesota court pursuant to 18 U.S.C. § 3653. Subsequently the Minnesota court ordered that defendant's probation be revoked and that he enter upon the execution of the sentences imposed in Florida. The defendant filed a motion in Minnesota, under 28 U.S.C. § 2255, to vacate the sentences. In affirm-

ing the district court's denial of the motion, the court concluded at 248 F.2d 556:

"The Minnesota Court had nothing to do with the procedure leading up to the sentencing of the defendant in Florida, and could not, in our opinion, have concerned itself with the question of the validity of the sentences imposed by the Florida Court. The questions whether the sentences imposed by the Florida Court are void for any lack of procedural due process or for any other reasons are, in our opinion, under § 2255 of Title 28 U.S.C.A., exclusively for that court to determine."

In making this determination the court quoted from *United States v. Hayman,* 342 U.S. 205, 220–221, 72 S.Ct. 263, 272–273, 96 L.Ed. 232, 242, 243 (1952), in which the Supreme Court observed that the "very purpose of Section 2255 is to hold any required hearing in the sentencing court because of the inconvenience of transporting court officials and other necessary witnesses to the district of confinement". 248 F.2d at 556.

In *Woods v. Rodgers,* 275 F.Supp. 559 (D.D.C.1957), a defendant was indicted in the District of Columbia. Pursuant to Rule 20, F.R.Crim.P., the case was transferred to the District of Massachusetts for disposition. The defendant entered a guilty plea. The Massachusetts court suspended imposition of sentence and placed the defendant on probation. The defendant returned to the District of Columbia, and the supervision and jurisdiction over him was transferred to the District of Columbia pursuant to 18 U.S.C. § 3653. He violated probation and the District of Columbia court imposed a prison sentence. In dismissing a motion under 28 U.S.C. § 2255 (without prejudice to a motion in Massachusetts) the court concluded that it was "within the legislative intent that an attack on a sentence should be heard in the district in which the proceedings sought to be assailed occurred".

---

3. In the June 25, 1948 Act, 18 U.S.C. § 3653 appeared as c. 645, § 1, 62 Stat. 842, and 28 U.S.C. § 2255 as c. 646, § 1, 62 Stat. 967. In the May 24, 1949 Act § 3653 appeared as c. 139, § 56, 63 Stat. 96, and § 2255 as c. 139, § 114, 63 Stat. 105.

Recognizing a departure "from the exact literal construction" of § 3653, the court held that the construction was "in the light of obvious Congressional intent," noting that "the purpose of Section 2255 was to effect a change in the law whereby the Judge whose proceedings were being attacked would in the first instance hear and determine the validity of the attack, instead of having the matter tried by some other Judge in some other district". 275 F.Supp. at 561.

The Government argues that suspending the imposition of a sentence and placing the defendant on probation is not a sentence and that the "sentence about which Napoles is now complaining was imposed not in the Northern District of Illinois, but in the Western District of Texas". It is contended accordingly that "jurisdiction is not properly in the Northern District of Illinois".

It is true that a number of cases in different contexts have held that probation is not a sentence. See, e. g., *Bartlett v. United States,* 166 F.2d 928, 932 (10 Cir. 1948) (in holding that an excessive sentence was not imposed, because the term of probation is not the term of sentence); *Zaroogian v. United States,* 367 F.2d 959, 963 (1 Cir. 1966) (in determining whether excessive sentences had been imposed); and *United States v. Fultz,* 482 F.2d 1, 4 (8 Cir. 1973) (in holding that the double jeopardy provision does not preclude a court from imposing sentence on a person who was placed on probation but whose probation was subsequently revoked).[4]

On the other hand, in *Smith v. United States,* 505 F.2d 893 (5 Cir. 1974), in construing § 3653, the court held that probation is a sentence. In *Smith* the defendant challenged the reinstatement of his probation, contending that a term of probation is not a "sentence" and that further probation was not a sentencing alternative that the

district court could properly consider. In rejecting this contention, Judge Wisdom said in part: "In determining whether probation is properly defined as a 'sentence', we avoid needless terminological distinctions of artificial origin; we focus on the reality of the probationary status. Probation is a sentence like any other sentence." 505 F.2d at 895.

In *Woods v. Rodgers, supra,* the court was presented with an argument similar to that urged by the Government here. Judge Holtzoff noted that in *Martin, supra,* the court had imposed a sentence and suspended its execution, whereas in *Woods,* imposition of sentence was suspended. He concluded that "this difference in fact does not create any distinction in principle, because the *Martin* case stands for the proposition that a motion under 28 U.S.C. § 2255 should be brought before the Court whose proceedings are being attacked". 275 F.Supp. at 562.

While a close question of statutory construction is presented, we agree with Judge Wisdom that technical and terminological distinctions should be avoided. We conclude that probation is a sentence within the meaning of the provisions of § 2255 and § 3653 involved in this action. Probation was a part of the "sentence" imposed by the Illinois District Court. It is because Napoles violated the condition of probation contained in the judgment of the Illinois court that the Texas court revoked probation. The § 2255 motion attacks procedures in the Illinois court when the judgment was entered on June 30, 1972. All involved in the original proceedings who would be potential witnesses reside in Illinois. The district judge who presided at the original proceedings and who would be in the best position to determine the validity of Napoles' claims is in Illinois. The Texas court

---

4. In *Fultz,* after a careful analysis of the National Probation Act, the court said in part:

"[Probation] is to be contrasted, as does the Act itself and its legislative history, with the criminal's traditional 'sentence' to prison, his removal from society and his incarceration with others who have likewise offended.

Probation, then, is in no sense a sentence as that term is used in the Act.

"But however the terms of probation may be defined, whether as a 'sentence,' or 'rehabilitation,' the question of double jeopardy should not, for answer, rest in the dictionary." 482 F.2d at 4.

had no connection with the proceedings Napoles has attacked. We agree with the holding in *Martin. v. United States* and *Woods v. Rodgers, supra,* that the § 2255 motion should be heard in the "court whose proceedings are being attacked". Accordingly, the order dismissing Napoles' § 2255 petition is reversed and remanded to the District Court for the Northern District of Illinois.