UNITED STATES of America,
Plaintiff-Appellee,

v.

Darrell Wayne CONDIT,
Defendant-Appellant.

No. 79–1879.

United States Court of Appeals,
Tenth Circuit.

Submitted Feb. 27, 1980.

Decided June 4, 1980.

Darrell Wayne Condit, pro se.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). This cause is therefore ordered submitted without oral argument.

This is a pro se appeal from an order of the United States District Court for the Northern District of Oklahoma, denying appellant Condit's motion, brought pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct sentence. Appellant, presently incarcerated in the Federal Correctional Institution at Englewood, Colorado, argues that he was illegally sentenced upon revocation of his probation.

In 1974 appellant pled guilty in the District Court for the Northern District of Oklahoma to two counts of an indictment. The district court placed appellant on four years' probation for each count, pursuant to the Youth Corrections Act (YCA), 18 U.S.C. § 5010(a). Probation on the two counts was to run concurrently.

Approximately two years later appellant's probation was revoked and he was sentenced by the Oklahoma district court to eighteen months' imprisonment on Count I. For Count II, appellant was placed on two years' probation, this period to follow the term of imprisonment. Appellant was thus treated as an adult; no reference was made to the YCA.

Appellant served the eighteen-month sentence. Thereafter, supervision of appellant's probation for Count II was transferred to the United States District Court for the Eastern District of California. Approximately one year later—nearly 4½ years after the original four-year probationary periods were imposed—appellant's probation was again revoked and the California court sentenced him as an adult to two years' imprisonment.

We must initially determine whether the Oklahoma district court properly assumed jurisdiction of this action. Jurisdiction lies only in "the court which imposed the sentence." 28 U.S.C. § 2255.[1] *See United States v. Hayman,* 342 U.S. 205, 215, 72 S.Ct. 263, 270, 96 L.Ed. 232 (1952). Although appellant objects to the imprisonment ordered by the California court, his attacks are directed at the sentencing procedures of the Oklahoma district court. He argues that, once he was initially sentenced under the YCA, later adult sentencing was improper, and the errors in the Oklahoma court proceedings led directly to his present incarceration. Had the Oklahoma court not

---

1. In pertinent part, 28 U.S.C. § 2255 reads:

   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

   An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

revoked appellant's YCA probationary status and substituted an adult sentence—resulting in an extension of the probationary period—the California court would no longer have had supervisory power over the appellant at the time probation was revoked and the present imprisonment could not have been ordered.[2] Because "the California court had absolutely no connection with the proceedings presently being attacked," Record, vol. 2, at 12–13, the Oklahoma court asserted jurisdiction over the motion to vacate.

◼ "A motion to vacate a sentence under § 2255 . . . will not lie unless the movant is in custody under such sentence." *Blair v. United States*, 349 F.2d 405, 405 (10th Cir. 1965). For jurisdiction to lie in the Oklahoma district court, the appellant must be both "in custody" and under a "sentence" of that court. "Custody" is not limited to physical confinement; it exists whenever conditions have been imposed "which significantly confine and restrain [the movant's] freedom." *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). For purposes of the habeas corpus statutes, probation, like parole, constitutes "custody." *See Hahn v. Burke*, 430 F.2d 100, 102 (7th Cir. 1970).

◼ The period of probation imposed by the Oklahoma district court has passed, but the appellant's present incarceration is based on, and his motion directly challenges, the allegedly erroneous sentencing procedures of that court. Since appellant's freedom has unquestionably been restrained by actions of the Oklahoma court, the "custody" requirement is satisfied for jurisdictional purposes.

**2.** The district court did not consider, and we do not understand appellant to be making, any direct attack on the revocation of his probation or on any other proceedings of the California district court. The alleged limits on that court's sentencing power derive solely from the proceedings in Oklahoma. As the district court explained, "The movant alleges that the sentence of the California court is illegal because the sentence imposed . . . [in Oklahoma] is illegal." Record, vol. 1, at 12.

**3.** In this case, the death of the Oklahoma judge who sentenced Condit necessitated the substitution of another judge for consideration of the

◼ The second requirement for jurisdiction in the Oklahoma court is that the order of probation must constitute a "sentence." In other contexts, this court has considered probation to be a category conceptually distinct from a sentence. *See, e. g., Bartlett v. United States*, 166 F.2d 928, 932 (10th Cir. 1948). However, we agree with the Seventh Circuit that, for purposes of 28 U.S.C. § 2255 and 18 U.S.C. § 3653 (the provision for revocation of probation and transfer of probationary supervision), probation is merely one form of sentence. *Napoles v. United States*, 536 F.2d 722 (7th Cir. 1976). *See also Smith v. United States*, 505 F.2d 893, 895 (5th Cir. 1974); *Martin v. United States*, 248 F.2d 554, 556 (8th Cir. 1957). In *Napoles*, on facts similar to those of the instant case, the court found jurisdiction to lie in the "court whose proceedings are being attacked." 536 F.2d at 726.

◼ The practical justifications for the *Napoles* result are strong. The district court in the best position to evaluate the movant's claims retains jurisdiction.[3] An appellate court's supervisory control over the district courts in its circuit remains undiminished. If other circuits were to become the situses for routine collateral attacks on the procedures followed by district courts of the Tenth Circuit, there would be a substantial danger of inconsistent, even contradictory, decisions. Finally, absent strong justification for a contrary result, we should follow the jurisdictional rules adopted by other circuits and not create an unnecessary dispute for ultimate Supreme Court resolution. If we declined to follow

motion to vacate. Although personal familiarity with the case was thus lost, we are convinced that the Oklahoma court remained in a *better* position than the California court to evaluate appellant's claims. In any event, personal familiarity will not be lost in most cases. Furthermore, in cases involving evidentiary matters, where "[a]ll involved in the original proceedings who would be potential witnesses reside in [the state of the first court]," *Napoles v. United States*, 536 F.2d at 725, the original court's "better position" for resolution of the issues is apparent.

*Napoles*, we would place movants in these and other circuits in a strategic quandary.[4]

We believe therefore that the district court properly asserted jurisdiction over the attacks on its own proceedings. On the merits, the district court was clearly correct in determining that the adult sentence imposed upon revocation of YCA probation was within statutory limits. When YCA probation conditions are violated, the court "may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653; *Dunn v. United States*, 561 F.2d 259, 261 (D.C.Cir.1977).

AFFIRMED.

---

4.   Indeed, for some would-be movants the result might be that *no* district court would have jurisdiction over the motion. That situation would arise, for example, if a revoked proba-tioner was unlucky enough to have had supervision of his probation transferred between the Seventh and Tenth Circuits.