914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edwin D. WOOD, II, Petitioner-Appellant,
v.
O.C. JENKINS, Respondent-Appellee.
 No. 87-1361.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 11, 1988.*
Decided Sept. 6, 1990.
 
 Before WOOD, JR., FLAUM and KANNE, Circuit Judge.
 
 ORDER
 I.
 
 1
 This appeal arises from the district court's dismissal for lack of jurisdiction of a petition for writ of habeas corpus under 28 U.S.C. Sec. 2241. Edwin David Wood, II, a federal prisoner, had filed the petition challenging the revocation of his probation by the United States District Court for Western Michigan.
 
 
 2
 Petitioner was originally convicted and sentenced by the United States District Court for Western Michigan. The five-year sentence was then suspended by the court, and Wood was placed on five years' probation. His probation was subsequently revoked pursuant to a hearing in the same court. No appeal was filed. Wood, arguing that the hearing was legally defective, filed a Sec. 2241 petition in January 1987 with the United States District Court for the Northern District of Illinois.[1] At the time of filing, the petitioner was incarcerated at the Metropolitan Correctional Center in Chicago.
 
 
 3
 The district court dismissed the Sec. 2241 petition on the ground that it was an improper means to attack defects relating to the sentencing process, reasoning that many of the procedures used for sentencing and for probation revocation are the same. Rather, the court held, a motion under 28 U.S.C. Sec. 2255 should have been brought before the Western District of Michigan. This appeal followed.
 
 II.
 
 4
 Petitioner's argument centers on the theory that probation revocation is not part of the sentencing process. For purposes of sections 2241 and 2255, there is a distinction between the imposition of a sentence and its execution. A claim relating to the manner in which a sentence is executed is cognizable in a habeas corpus petition under Sec. 2241. United States v. Clinkenbeard, 542 F.2d 59 (8th Cir.1976). On the other hand, relief under Sec. 2255 is only available if a prisoner's contentions concern the imposition of his sentence, not the manner of its execution.[2] Ridenour v. United States, 446 F.2d 57 (9th Cir.1971). See also United States v. Monteer, 556 F.2d 880 (8th Cir.1977).
 
 
 5
 The petitioner emphasizes that he is not attacking the original conviction or order. In fact, he admits that Sec. 2255 is the appropriate vehicle to utilize if probation revocation is deemed to be part of the sentencing process. Wood distinguishes, however, a judicial order imposing an "original" sentence from one which dictates how or if the sentence will be served. He believes that a probation revocation proceeding speaks to the terms of the defendant's incarceration (i.e., where the sentence will be served) and is therefore an appropriate basis for a habeas corpus petition under Sec. 2241.
 
 
 6
 We have had previous occasion to review the jurisdictional questions arising from Sec. 2255. In Napoles v. United States, 536 F.2d 722 (7th Cir.1976), we examined the jurisdictional requirements of Sec. 2255 in the context of a statutory conflict between Sec. 2255 and 18 U.S.C. Sec. 3653. (The latter provision allows the sentencing court to transfer jurisdiction over a probationer to another district court.) After pleading guilty, Napoles was sentenced by a district court in Illinois to fifteen months imprisonment on one count. Imposition of sentence was suspended on four remaining counts and Napoles was placed on probation for four years. After he was released from prison and jurisdiction over him was transferred to Texas, the petitioner violated probation. The Texas district court revoked his probation and sentenced him to four years' imprisonment. Napoles then filed a Sec. 2255 motion, in Illinois, challenging his original guilty plea. We concluded that the Illinois district court had jurisdiction to determine the validity of Napoles' claims, since imposition of probation is a sentence within the meaning of Sec. 2255. Napoles, 536 F.2d at 725. We emphasized that the Sec. 2255 motion should be heard in the court whose proceedings are under attack. Id.
 
 
 7
 This approach was followed in United States v. Condit, 621 F.2d 1096 (10th Cir.1980), although Condit involved the tension between Sec. 2255 and the Youth Corrections Act, 18 U.S.C. Sec. 5010(a), a statute which has since been repealed. The appellant was originally placed on four years' probation by the Oklahoma district court for both counts of his conviction, pursuant to the Youth Corrections Act. Approximately two years later, the same court revoked his probation for the first count and sentenced him to eighteen months' imprisonment. For the second count, the court placed the appellant on probation, making no mention of his status as a youthful offender and therefore treating him as an adult. Supervision over his probation was later transferred to the Eastern District of California, which subsequently revoked his probation and sentenced Condit as an adult for two years' imprisonment. Condit brought a Sec. 2255 petition in Oklahoma, challenging the sentencing procedures of the Oklahoma district court when it revoked his probation. The Tenth Circuit agreed that the Oklahoma court properly had jurisdiction over the petition; it reasoned that had the Oklahoma court not treated Condit as an adult in revoking his probation, the California court would no longer have had supervisory power over Condit when it revoked his probation. Id. at 1097-98. As in Napoles, the practical advantage of this approach was that jurisdiction lay with the court whose proceedings were under attack. Id. at 1098. Napoles and Condit thus stand for the proposition that when a defendant is sentenced and placed on probation in one district court, but has his probation supervision transferred to and subsequently revoked by a second district court, he must file any challenge to the original criminal proceedings in the first court. Neither case, however, deals directly with the issue here: whether Sec. 2255 is the proper vehicle to attack the probation revocation hearing itself. As noted earlier, the scope of Sec. 2255 is limited to attacks on the imposition of a sentence. If probation revocation is considered part of the sentencing process, then the court that revoked probation has jurisdiction under Sec. 2255. If, as petitioner contends, probation revocation is a separate proceeding, then relief must be sought under Sec. 2241. We have found only one case involving this issue, Smith v. United States, 603 F.2d 722 (8th Cir.1979) (per curiam). The court implicitly assumed jurisdiction was proper under Sec. 2255 when it denied Smith's claims about his probation revocation on the merits, but it did not discuss the jurisdictional issue.
 
 III.
 
 8
 As an original matter it seems clear that the court that revoked probation should rule on any challenges to those proceedings, since it is in the best position to evaluate the petitioner's claims. This principle governed our decision in Napoles:
 
 
 9
 The Sec. 2255 motion attacks procedures in the Illinois court when the judgment was entered on June 30, 1972. All involved in the original proceedings who would be potential witnesses reside in Illinois. The district judge who presided at the original proceedings and who would be in the best position to determine the validity of Napoles' claims is in Illinois. The Texas court had no connection with the proceedings Napoles has attacked.
 
 
 10
 536 F.2d at 725-26. Here, all of the relevant events happened in Michigan. The Northern District of Illinois has no connection with Wood's probation revocation.
 
 
 11
 However, Wood's strongest argument for habeas jurisdiction under Sec. 2241 comes from an Advisory Committee Note to the Rules Governing Sec. 2255 Proceedings, which seems to contradict the principle just stated:
 
 
 12
 [t]he challenge of decisions such as the revocation of probation or parole are not appropriately dealt with under 28 U.S.C. Sec. 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus, are available in such situations.
 
 
 13
 Advisory Committee Notes to Rule 1 of Rules Governing Section 2255 Proceedings in the U.S. District Courts. Advisory Committee Notes are analogous to legislative history, which we use to clarify the drafters' intent about an ambiguous rule. We have relied on the Notes in the past to clarify the meaning of judicial rules, see e.g., Robinson v. Fairman, 704 F.2d 368, 370 (7th Cir.1983) (rules governing state habeas actions); (United States v. Balistrieri, 606 F.2d 216, 221 (7th Cir.1979) (rules for Sec. 2255 proceedings), cert. denied, 446 U.S. 917 (1980), but we are not bound to follow them in every instance. We have sometimes reached decisions that seem to conflict with the plain meaning of an Advisory Committee Note. See, e.g., In re X-Cel, Inc., 823 F.2d 192, 193 (7th Cir.1987) (bankruptcy rule regarding time for appeal); Benson v. Allphin, 786 F.2d 268, 273-74 (7th Cir.) (Fed.R.Civ.P. 50(b) and right to move for judgment n.o.v.), cert. denied, 479 U.S. 848 (1986). Just as we are not required to follow the literal words of a statute if it would lead to absurd results or be contrary to the statute's obvious purposes, Smith v. Bowen, 815 F.2d 1152, 1154 (7th Cir.1987) (per curiam), we need not mechanically apply the Advisory Committee's directions if it makes no sense to do so. This is such a case.
 
 
 14
 To begin with, the Committee's assertion that revocation of probation is not cognizable under Sec. 2255 is not supported by any reasoning or case citations. Cf. In re X-Cel, Inc., 823 F.2d at 193 (Committee cited no authority in support of its proposition). The Committee's fundamental premise--that Sec. 2255 is a "continuation of the original criminal action"--is not accurate. As Professor Wright has noted, this assertion is based on a single paragraph of the legislative history of the original adoption of Sec. 2255 in 1948;[3] the Committee ignored caselaw coming to the opposite conclusion. 3 Wright, Federal Practice and Procedure, Sec. 590, p. 422 (1982). We have recognized that section 2255 proceedings are a hybrid, part civil and part criminal. United States v. Balistrieri, 606 F.2d at 220-21. The district court can apply either the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure, "whichever it deems most appropriate." Rule 12, Rules Governing Section 2255 Proceedings in the United States District Courts. The civil rules apply in determining the timeliness of an appeal, Rule 11, id.; United States v. Hayman, 342 U.S. 205, 209 n. 4 (1952), or of a motion to reconsider, United States v. Gargano, 826 F.2d 610, 611 (7th Cir.1987). And though a Sec. 2255 petition is treated as part of the criminal case in some respects (the petition is filed as a motion in the original criminal case before the same judge, and no filing fee is required), in other respects it is not--for example, many of the constitutional rights incident to a criminal trial do not apply. See United States v. Hayman, 342 U.S. at 222 (defendant need not be present at Sec. 2255 proceedings); Wright v. United States, 624 F.2d 557, 558 (5th Cir.1980) (petitioner has the burden of proving his contentions by preponderance of the evidence); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no constitutional right to counsel in collateral attacks on convictions); 18 U.S.C. Sec. 3006A(a)(2)(B) (counsel may be appointed for Sec. 2255 petitioner).
 
 
 15
 The Committee's lumping together of probation revocation and parole revocation is also curious. The two proceedings are basically dissimilar. Parole revocation decisions, unlike probation revocation determinations, are not made by a court. Wright v. United States Parole Board, 557 F.2d 74, 76 (6th Cir.1977). As respondent points out, the practical considerations that strongly suggest that a collateral attack on probation revocation proceedings be brought before the same court that revoked probation are not present in the parole revocation context since a judge cannot revoke parole. Moreover, there is no doubt that Sec. 2241, rather than Sec. 2255, is the proper avenue to seek relief from an adverse decision of the Parole Commission. United States v. Addonizio, 442 U.S. 178 (1979); Blau v. United States, 566 F.2d 526, 527-28 (5th Cir.1978); Lee v. United States, 501 F.2d 494, 499-500 (8th Cir.1974). Similar due process protections govern both proceedings, Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973); Morrissey v. Brewer, 408 U.S. 471 (1972), but the question presented here is one of statutory construction not due process.
 
 
 16
 Finally, a strict application of the Committee's words would, in this case, be contrary to the original purpose behind Sec. 2255. The statute was drafted to alleviate the administrative problems resulting from federal habeas corpus actions which, before 1948 (when Sec. 2255 was adopted), had to be filed in the district of confinement. The records of the sentencing court and any necessary witnesses were not readily available to the habeas court, and the few districts containing federal prisons were swamped with cases. United States v. Hayman, 342 U.S. at 210-19. The statute's "sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." Id. at 219. In this case the statute's purpose would be best served by requiring Wood to file his petition with the court whose proceedings are under attack, the Western District of Michigan.
 
 
 17
 The petitioner agrees that imposition of a sentence is within the scope of Sec. 2255, but argues that revocation of probation is not the imposition of a sentence. We disagree. When a court revokes probation in a case in which it originally suspended the sentence, as here, it "may impose any sentence which might originally have been imposed." 18 U.S.C. Sec. 3653. Thus, the statute speaks in terms of "imposing" a sentence after probation revocation. In addition, the version of Fed.R.Crim.P. 35 that was in effect when Wood filed this case clearly equated probation revocation with imposition of a sentence for the purpose of determining the time limits for filing a motion for reduction of sentence under Rule 35(b).
 
 
 18
 Requiring Wood to file his petition in the Western District of Michigan avoids the unseemly possibility of having one district judge pass on the validity of proceedings before another district judge in another district. It gives the original judge the chance to correct any of the errors alleged to have occurred at Wood's probation revocation hearing. If a hearing is required, it will take place in the court most conveniently located for that task. See United States v. Hayman, 342 U.S. at 220-21 ("The very purpose of Section 2255 is to hold any required hearing in the sentencing court because of the inconvenience of transporting court officials and other necessary witnesses to the district of confinement.)
 
 
 19
 This result is the only sensible one under the circumstances. In the context of this case, therefore, we choose not to follow the Advisory Committee. The district court's decision is affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Wood contends that the revocation hearing was illegal on four grounds. He maintains that he was ineffectively represented by counsel at the hearing; that he was unable to respond to the charges; that the district court abused its discretion in evaluating the evidence presented at the hearing; and that the conditions of his probation are illegal and violate due process
 
 
 [2]
 Section 2255 provides in relevant part:
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 
 
 [3]
 "Since the motion remedy is in the criminal proceeding, this section ... affords the opportunity and expressly gives the broad powers to set aside the judgment...." S.Rep. 1526, 80th Cong., 2d Sess. 2 (1948)