FILED
United States Court of Appeals
Tenth Circuit

June 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARC J. THOMPSON,

      Petitioner-Appellant,

v.

DAVID McKUNE; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 13-3049
(D.C. No. 5:12-CV-03016-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY** and **MURPHY**, Circuit Judges.

Petitioner Marc Thompson, a state parolee[1] proceeding pro se, seeks a certificate

of appealability to appeal the district court's denial of his § 2254 habeas petition.

Petitioner was convicted by a jury of aggravated indecent liberties for conduct occurring

in July 2002 with his then four-year-old daughter. Petitioner appealed his conviction, and

the Kansas Court of Appeals affirmed. Petitioner then filed a motion pursuant to K.S.A.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] After filing his federal habeas petition, Petitioner was released from prison on parole. His status as a parolee is sufficient to render him "in custody" for purposes of 28 U.S.C. § 2254. *See United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir. 1980); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

§ 60-1507 for post-conviction relief on November 2, 2006, the day before the one-year limitations period ran. Nearly six months later, Petitioner sought to amend his original motion to include, among other things, claims of prosecutorial misconduct and ineffective assistance of appellate counsel. The trial court dismissed these portions of Petitioner's amended motion as untimely. Following an evidentiary hearing on Petitioner's remaining claims, the trial court denied relief. Both the Kansas Court of Appeals and the Kansas Supreme Court affirmed the trial court's denial of post-conviction relief and dismissal of Petitioner's untimely claims. Petitioner then filed the instant § 2254 habeas petition.

In his federal habeas petition, Petitioner raised five grounds for relief: (1) he received ineffective assistance of trial counsel based on several alleged deficiencies in his trial counsel's performance;[2] (2) the jury was biased and improperly influenced by the trial judge; (3) he received ineffective assistance of appellate counsel; (4) the State engaged in prosecutorial misconduct; and (5) cumulative error rendered his trial fundamentally unfair. The district court concluded that the state courts had not unreasonably applied Supreme Court precedent in rejecting Petitioner's claim that he received ineffective assistance of trial counsel, and that, in the absence of any error, the state courts had not unreasonably rejected Petitioner's cumulative error claim, *see Hooks v. Workman*, 689 F.3d 1148, 1195 (10th Cir. 2012) ("[W]e undertake a cumulative-error

---

[2] Petitioner cited several bases for his ineffective assistance of trial counsel claim: (1) the failure to provide a proper expert witness, (2) the failure to challenge videotaped testimony of his daughter, (3) the failure to call his daughter to the stand, (4) countless trial errors, and (5) the failure to provide a full voir dire. In their answer in the district court, Respondents argued only the first three bases were preserved for review.

analysis only if there are at least two errors."). It accordingly denied relief on Petitioner's first and fifth claims under 28 U.S.C. § 2254(d)(1). The district court then concluded that Petitioner had failed to exhaust his claim that he received ineffective assistance of trial counsel based on "countless trial errors" and the failure "to provide a full vior [sic] dire" (R. Vol. I 10 at (capitalization standardized)) as well as his claim of jury bias and improper influence. It accordingly denied relief on these claims under 28 U.S.C. § 2254(b)(1)(A). Finally, the district court concluded that Petitioner's claims of ineffective assistance of appellate counsel and prosecutorial misconduct were procedurally barred in light of the state courts' determination that he failed to present them in a timely manner.

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's denial of habeas relief. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, for substantially the same reasons given by the district court and the state courts, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-3-