**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL CORDOVA-ORDAZ,

    Defendant - Appellant.

No. 15-2175
(D.C. No. 2:15-CV-00805-RB-SCY and
2:14-CR-03440-RB-1)
(D. N. Mex.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Joel Cordova-Ordaz, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B)

(requiring a COA to appeal an order denying a § 2255 petition). Mr. Cordova-Ordaz also

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Cordova-Ordaz is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

requests leave to proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.  BACKGROUND

In April 2010, Mr. Cordova-Ordaz pled guilty to possession with intent to distribute a quantity of cocaine greater than 500 grams in violation of 21 U.S.C. § 841 in the Western District of Texas.  He was sentenced to 18 months in prison followed by four years of supervised release.

In October 2014, the court transferred jurisdiction of Mr. Cordova-Ordaz's term of supervised release to the District of New Mexico.  In March 2015, the district court in New Mexico revoked Mr. Cordova-Ordaz's supervised release and sentenced him to four months in prison to run concurrently to another sentence imposed in a separate criminal case in the District of New Mexico.

In September 2015, Mr. Cordova-Ordaz filed a § 2255 motion in the District of New Mexico, challenging his conviction and sentence imposed in the Western District of Texas.  The district court denied his motion, concluding it lacked jurisdiction under § 2255(a).

## II.  DISCUSSION

When a district court dismisses a § 2255 motion on procedural grounds, we will issue a COA only if the movant shows it is "debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the

case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Section 2255(a) permits a prisoner in custody to "move the court which imposed the sentence to vacate, set aside or correct the sentence." Any other district court lacks jurisdiction. *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980) ("Jurisdiction lies only in 'the court which imposed the sentence.'" (quoting § 2255(a))).

When a prisoner was convicted and sentenced in one court but then transferred to the supervisory control of a second court, only the first court has jurisdiction over a § 2255 motion attacking the underlying conviction and sentence. *See id.* (finding that after a federal court in Oklahoma convicted and sentenced a prisoner and transferred supervisory control to a federal court in California, the Oklahoma court had exclusive jurisdiction over a § 2255 motion challenging the underlying proceedings in Oklahoma).

As we explained in *Condit*, the "practical justifications for [this] result are strong." *Id.* The first court more likely has "personal familiarity with the case," and the "potential witnesses [likely] reside" near it. *Id.* at 1098 n.3 (quotations omitted). Moreover, "[i]f other circuits were to become the situses for routine collateral attacks on the procedures followed by district courts of the [circuit where the first court is located], there would be a substantial danger of inconsistent, even contradictory, decisions." *Id.* at 1098.

The district court's ruling is not debatable under *Condit*.

## III. **CONCLUSION**

For the foregoing reasons, we deny a COA and dismiss this matter.  We also deny

Mr. Cordova-Ordaz's request to proceed *in forma pauperis.*

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge